IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation, ROYAL INDEMNITY CO., a Delaware Corporation, and AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation,<br>Plaintiffs,<br>vs.<br>LATROBE CONSTRUCTION COMPANY,<br>Defendant. | Civil Action No. 00-2128<br><br>The Hon. Francis X. Caiazza<br>Chief Magistrate Judge<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>ELECTRONICALLY FILED |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On August 1, 2005, in *Boral Indus. v. Cont'l Cas. Co.*, No. 05-10198, 2005 U.S. App. LEXIS 15965 (11th Cir. Aug. 1, 2005) (copy attached), the Eleventh Circuit held that an unqualified and unambiguous "right to settle" provision in an insurance policy provides the insurer with the "unfettered right to settle claims," and affirmed the district court's grant of summary judgment for the insurer. *Id.* at *3-4. *Boral Industries* confirms the standard for application of the "deems expedient" clause articulated in the controlling decision of *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir. 1995) and in *Transcontinental Ins. Co. v. Century Steel Erectors, Inc.*, 318 F. Supp.2d 276, 278 (W.D. Pa. 2004). *Boral Industries* is further evidence of the apparent universal enforcement by courts of "deems expedient" clauses. Royal is unaware of the existence of any cases in which a court has failed to recognize the broad protection from bad faith claims provided by the "deems expedient" clause.

Latrobe is likely to contend, as it has in the past, that *Boral Industries* is distinguishable because there is no evidence that the inclusion of the right to settle provision in the underlying insurance policy was the subject of direct negotiation with Latrobe, and that, therefore, the literal

625915

application of the clause is somehow unfair. However, it is undisputed that Latrobe and its commercial insurance agency had negotiated loss limitations for past policies which capped its liability on claims. (R. 2-8-2005, G. Chimenti, pp. 83-84). Had Latrobe opted for loss limitations in the policies at issue, which Latrobe was free to do, those loss limitations would have prevented the accrual of the retrospective premiums. It is further undisputed that Latrobe could have opted for "large deductible" policies or guaranteed cost policies, as opposed to a loss-sensitive plan. (R. 2-8-2005, G. Raabe, p. 64). The selection of either type of fixed-cost policy, would have eliminated Latrobe's need to second-guess Royal's settlement and handling of workers' compensation claims.

Latrobe attempts to retroactively evade the consequences of its business decision not to contract for loss limitations or alternative coverage, and seeks to disavow its agreement to accept and benefit from policies containing "deems expedient" language. However, the program of coverage agreed to by Latrobe, the profitability of which was "marginal at best" to Royal (R. 2-10-2005, D. Leger, p.143), was the product of the comprehensive regulatory scheme for the development and approval of statutory policy language designed to safeguard the interest of insureds.

First, the National Council on Compensation Insurance ("NCCI"), an insurance rating and advisory organization that assist carriers with the preparation of insurance policy forms and endorsements, engages in an exhaustive review process of proposed policy language. *See National Council on Compensation Ins. v. Hopkins*, 1995 U.S. Dist. LEXIS 21030 (D. Tenn. 1995). Following the NCCI review process, the language of the Royal insurance policies was subject to a further rigorous and extensive review process by the Pennsylvania Department of Insurance, which the Legislature specifically entrusts with the duty to regulate the insurance industry. *See Lewinski v. Commonwealth*, 852 A.2d 1270, 1277 (Pa. Commw. 2004). Pursuant to its statutorily-mandated responsibility, the Department, through its Commissioner, must thoroughly

625915

2

review and formally approve the forms of all insurance policies, and all of the terms delineated therein, before an insurance company can issue them. See 40 P.S. 477b (2004); *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 212 (5th Cir. 2003). The purpose of this review and approval process is to prevent insurance companies from using "one-sided, overreaching and unreasonable agreements." *Zimmerman v. Unemployment Comp. Bd. of Review*, 836 A.2d 1074, 1080 (Pa. Commw. 2003).[1]

Hence, the Royal retrospective premium policies at issue in this case were put through an extensive review process by the NCCI and the Commissioner, resulting in their approval, and in their use being *mandated* by the Department. Therefore, the application of the "right to settle" language which was the end-product of that process, and which was further validated by Judge Ambrose, the Third Circuit, all other courts that have addressed the issue, and most recently, the Eleventh Circuit in *Boral Industries*, is entirely appropriate.

                                            Respectfully submitted,

                                            s/Bruce C. Fox
                                            Bruce C. Fox, Esquire (PA I.D. 42576)
                                            bruce.fox@obermayer.com
                                            Yarone S. Zober, Esquire (PA I.D. 91693)
                                            yarone.zober@obermayer.com
                                            OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                            One Mellon Center, Suite 5240
                                            500 Grant Street
                                            Pittsburgh, PA 15219

                                            Counsel for Plaintiffs Royal Insurance Company of
                                            America, Royal Indemnity Co. and American and Foreign
Dated: August 24, 2005               Insurance Company

---

[1] This process reflects the fact that the Legislature has placed the primary responsibility in the Department and the Insurance Commissioner to ensure that insurance policy provisions are in accord with public policy. *Burne v. Franklin Life Ins. Co.*, 301 A.2d 799, 809 (Pa. 1973) (*dissenting opinion*).

625915                                    3

FOCUS - 3 of 86 DOCUMENTS

BORAL INDUSTRIES, INC., Plaintiff-Appellant, versus CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.

No. 05-10198 Non-Argument Calendar

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

*2005 U.S. App. LEXIS 15965*

**August 1, 2005, Decided
August 1, 2005, Filed**

**NOTICE:** [*1] NOT FOR PUBLICATION

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of Georgia. D. C. Docket No. 02-02929-CV-JTC-1.

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insured challenged a judgment from the United States District Court for the Northern District of Georgia, which granted summary judgment in favor of defendant insurer in the insured's action for a declaration that its commercial general liability policy with the insurer did not provide coverage for an underlying indemnity claim. The insured also challenged the denial of its motion to compel discovery and its motion for sanctions.

**OVERVIEW:** The insured claimed the insurer had acted in bad faith by settling the underlying indemnity claim for less than the policy deductible and then seeking to recover the total amount of the settlement from the insured. In a counterclaim, the insurer sought recovery of the settlement payment. The district court held that an unqualified "right to settle" provision in the policy permitted the settlement of the underlying claim. The insurer was entitled to full reimbursement because the deductible exceeded the settlement amount. On appeal, the court held that the insured, as a sophisticated corporate entity, had the opportunity to bargain for insurance without a provision granting the insurer an unfettered right to settle claims. Thus, the insured was obligated to reimburse the insurer for the settlement if the insurer did not act in bad faith. The court agreed with the district court that the insurer had acted reasonably and in compliance with the unambiguous terms of the policy in (1) settling the underlying claim and (2) seeking reimbursement from the insured in an amount that was less than the deductible. There was no abuse in the denial of the motions to compel and for sanctions.

**OUTCOME:** The court affirmed the judgment of the district court and the denial of the discovery motions.

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Standards of Review > De Novo Review*
*Civil Procedure > Summary Judgment > Standards of Review*
[HN1] A federal court of appeals reviews a district court's order granting summary judgment de novo.

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN2] A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Civil Procedure > Disclosure & Discovery*
[HN3] A federal court of appeals reviews district court rulings on discovery motions and discovery sanctions under an abuse of discretion standard.

**COUNSEL:** For Boral Industries, Inc., Appellant: Edmund M. Kneisel, Kilpatrick Stockton, L.L.P., ATLANTA, GA.

For Continental Casualty Company, Appellee: Bruce A. Taylor, Jr., Drew, Eckl & Farnham, Atlanta, GA; Richard Metzger, Drew, Eckl & Farnham, ATLANTA, GA.

**JUDGES:** Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

**OPINION:** Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Boral Industries, Inc. ("Boral") appeals the district court's entry of summary judgment in favor of Continental Casualty Company ("Continental"), in Boral's action to obtain a declaration that its commercial general liability policy with Continental did not provide coverage for the underlying indemnity claim and, therefore, Continental had acted in bad faith by settling the claim for less than the policy deductible and then seeking to recover the total amount of the settlement from Boral. In a counterclaim, Continental sought recovery, under the policy deductible, of the $ 300,000 settlement payment. After the completion of discovery, the parties [*2] filed cross-motions for summary judgment. The district court, interpreting the "right to settle" provision in Boral's Continental policy, concluded that the provision, which was unqualified, permitted the settlement of the underlying claim and that Continental was entitled to full reimbursement since the deductible exceeded the settlement amount. Accordingly, it granted Continental's motion for summary judgment on both Boral's claims and Continental's counter-claim. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

[HN1] We review the district court's order granting summary judgment de novo. See *Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1296 (11th Cir. 2000). [HN2] A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56 (c)*. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving [*3] party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)).

Interpreting the "right to settle" and deductible provisions in the Continental policy and applying Georgia law, the district court held that Boral, as a sophisticated corporate entity, had the opportunity to bargain for insurance without a provision that granted the insurer an "unfettered right to settle claims." Thus, the court concluded, Boral, having contractually afforded the right to settle a claim like the underlying indemnity action here, was obligated to reimburse Continental for the settlement so long as Continental did not act with bad faith. On the record before it, the district court found no evidence of bad faith on Continental's part. Moreover, the district court determined that there was no genuine issue of fact that Continental had acted reasonably and in compliance with the unambiguous terms of the policy in (1) settling the underlying claim and [*4] (2) seeking reimbursement from Boral for in an amount that was less than the deductible. Based on our review of the unambiguous policy provisions at issue in this appeal and the applicable Georgia law interpreting such unequivocal provisions in the same manner, we too conclude that Continental was entitled to summary judgment.

The district court also denied Boral's motion to compel discovery and motion for sanctions based on Continental's alleged failure to provide the requested discovery in a timely manner. These motions concerned Boral's request for production of correspondence between Continental and its "outside counsel." Continental claimed that the requested items were protected from disclosure by the attorney-client privilege. After conducting an in camera inspection of the correspondence, the district court first noted that the requests to produce were untimely since discovery had closed four months before Continental's request. Moreover, the court found that the items, which were marked "attorney-client privileged," contained information that was "largely redundant of other correspondence and evidence produced in discovery and presently in the record." We can find no [*5] abuse of discretion in the district court's decision on this issue. See *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996) [HN3] (reviewing district court rulings on discovery motions and discovery sanctions under abuse of discretion standard).

**AFFIRMED.**