IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROYAL INSURANCE COMPANY OF AMERICA**, an Illinois Corporation, **ROYAL INDEMNITY CO.**, a Delaware Corporation, and **AMERICAN AND FOREIGN INSURANCE COMPANY**, a Delaware Corporation, | ) ) ) ) ) ) ) | Civil Action No. 00-2128<br><br>The Honorable<br>Francis X. Caiazza<br>Chief Magistrate Judge |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **Plaintiff's Phase II Trial Memorandum Regarding Royal's Entitlement to Pre-Judgment Interest** |
| **LATROBE CONSTRUCTION COMPANY**, | ) ) ) | |
| Defendant. | ) ) | ELECTRONICALLY FILED |

Plaintiffs, ROYAL INSURANCE COMPANY OF AMERICA, ROYAL INDEMINITY CO., AMERICAN AND FOREIGN INSURANCE COMPANY (collectively, "Royal"), by and through their attorneys, OBERMAYER, REBMANN, MAXWELL AND HIPPEL LLP, file this Phase II Trial Memorandum Regarding Royal's Entitlement to Pre-Judgment Interest, stating as follows.

I.   **INTRODUCTION**

Royal and Defendant (hereinafter, "Latrobe") are parties to a series of three-year retrospectively rated Workers' Compensation and Employers Liability Insurance Policies. At issue in this litigation are five such policies, those commencing in 1980, 1983, 1986, 1989 and 1992. Based upon a series of retrospective premium adjustments and audits, on January 29, 1996, Royal provided Latrobe written demand of payment of retrospective premiums in an amount in excess of $900,000. Latrobe engaged counsel and refused to pay these amounts,

595825

4043095

leading to the instant litigation. To date, Latrobe has made no payments to Royal in respect of the amount demanded.

## II. **DISCUSSSION**

In Pennsylvania, prejudgment interest is available as a matter of right on money owed under a contract. *McDermott v. Party City Corp.* 11 F. Supp. 2d 612, 632, 1998 U.S. Dist. LEXIS 9929 (E.D. Pa. 1998). "It is well established that in contract cases, prejudgment interest is awardable as of right." *Somerset Community Hosp. v. Allan B. Mitchell & Associates, Inc.*, 685 A.2d 141, 148 (Pa. Super. 1996); *See also, Burkholder v. Cherry*, 607 A.2d 745, 746 (Pa. Super. 1992). Furthermore, it has been the practice of the courts of the Commonwealth for over a century to characterize this entitlement to interest for a breach of contract as a legal right. *See West Republic Mining Co. v. Jones and Laughlins,* 108 Pa. 55 (1889).

The proposition that the burden of proof lies with the party seeking prejudgment interest under a contract was set forth in *Black Gold Coal Corp. v. Shawville Coal Co.,* 730 F.2d 941, 944 (3d Cir. 1984). "Pennsylvania courts have adopted § 337(a) of the Restatement of Contracts[1] to determine whether a party is entitled to prejudgment interest." *Id.* at 943. In *Black Gold,* the Third Circuit explained that a plaintiff is entitled to prejudgment interest if:

> (1) a defendant commits a breach of contract to pay a definite sum of money; or (2) a defendant commits a breach of contract to render a performance the value of which in money is stated in the contract; or (3) a defendant commits a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract; or (4) a defendant commits a breach of a contract to render a performance of the value of which in money is ascertainable from established [*sic*] market prices of the subject matter.

*Id.* The Third Circuit opined that the concept of liquidated damages is "implicit" in § 337 (a).

---

[1] Restatement of Contracts § 337(a) (1932) is currently found at Restatement (Second) of Contracts § 347(a) (1981).

2

Additionally, the award of prejudgment interest, while generally considered a legal right, is also thought to be an equitable remedy awarded to an injured party at the discretion of the trial court. *Daset Mining Corp v. Industrial Fuels Corp.*, 408 Pa. 276, 279, 473 A.2d 584, 595 (1984).

The legal right to prejudgment interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment. *Fernandez v. Levin,* 519 Pa. 375, 548 A.2d 1191, 1193 (Pa. 1988). "When a defendant breaches a contract to pay a definite sum of money, interest is payable from the time performance was due," *Penneys v. Pennsylvania Railroad Co.*, 408 Pa. 276, 279, 183 A.2d 544, 546 (1962).  Furthermore, "in claims that arise out of a contractual right, interest has been allowed at the legal rate from the date the payment was wrongfully withheld**,** where the damages are liquidated and certain, and the interest is readily ascertainable through computation." *Daset Mining Corp.,* 473 A.2d at 595.  *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A.2d 721 (1955), further clarifies when the "payment was wrongfully withheld."  Breach or discontinuance of the contract arises at the precipitation of an event where damages are then ascertainable by computation and in spite of the fact that a bona fide dispute may exist as to the amount of the indebtedness. *Id.* at 108, 117 A.2d at 722.

Under Pennsylvania law, the rate of prejudgment interest is calculated as simple interest at a rate of six percent per year. *41 P.S. § 202,* (1991).  This statute, governing the definition of "legal rate of interest," specifies only the rate set that is six percent, not the method of accumulation. "Contract cases, in general, where damages are known or…are ascertainable through mathematical calculations, are limited to a six percent rate of simple interest." *Penneys v. Pennsylvania R.R.Co.,* 408 Pa. 276, 183 A.2d 544 (1962).  Pennsylvania courts follow the Restatement (Second) of Contracts § 354 in ascertaining when interest as damages is prudent.

3

*Burkholder v. Cherry*, 414 Pa. Super. 432, 607 A.2d at 747.  Section 354 of the Restatement (Second) of Contracts provides:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with a fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
>
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Comment (c) to the rule explains in depth as follows:

> Where an amount due is sufficiently definite under the rule stated in Subsection (1), a party is not chargeable with interest on a sum unless its amount is fixed by contract or he could have determined its amount with reasonable certainty so that he could have made a proper tender.  Unless otherwise agreed, interest is always recoverable for the non-payment of money once payment has become due and there has been a breach.  This rule applies to debts due for money lent, goods sold or services performed, including installments due on a construction contract.  The fact that the breach has spared some expense that is uncertain in amount does not prevent the recovery of interest.  The sum due is sufficiently definite if it is ascertainable from the terms of the contract, as where the contract fixes a price per unit of performance, even though the number of units performed must be proved and is subject to dispute.  The same is true, even if the contract does not create a money debt, if it fixes a money equivalent of the performance.  It is also true, even if the contract does not fix a money equivalent of the performance, if such an equivalent can be determined from established market prices.  The fact that the extent of the performance rendered and the existence of the market price must be proved by evidence extrinsic to the contract does not prevent the application of these rules.

Restatement (Second) of Contracts § 354 (1981).

In the event a party is not entitled to prejudgment interest as a matter of right pursuant § 337(a), "under Pennsylvania law, prejudgment interest may be awarded on a claim involving unliquidated damages at the discretion of the trial court." *Krain Outdoor Displays Inc. v. Tenn. Continental Corp.*, 1986 U.S. Dist. LEXIS 21740 at 3-4; *See also, Feather v. United Mine Workers of America,* 711 F.2d 530, 540 (3d Cir. 1983); *Montgomery County v. Microvote Corp.,*

4

No. 97-6331, 2001 U.S. Dist. LEXIS 8737 (E.D. Pa. June 25, 2001). Courts consider four factors when determining whether a discretionary award of prejudgment interest is required:

> (1) the diligence of the plaintiff in prosecuting the action; (2) whether the defendants have been unjustly enriched; (3) whether the award would be compensatory; and (4) whether there are countervailing equitable considerations which militate against an award of prejudgment interest.

*Krain,* 1986 U.S. Dist. LEXIS 21740, at 10 (*citing Feather,* 711 F.2d at 540).

Similarly, it is within the discretion of the trial court to award prejudgment interest with regard to unliquidated sums, where the claim is for breach of fiduciary duty. *McDermott v. Party City Corp.* 11 F. Supp. 2d 612, 632, 1998 U.S. Dist. LEXIS 9929 (1998). "Whenever the defendant holds money or property that belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment, interest upon the funds or property so held may be necessary to force complete restitution." *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059, 1065 (Pa. 1980).

### III. Conclusion

It is clear that damages are liquidated as the first and fourth prongs set forth in *Black Gold Coal Corp. v. Shawville Coal Co.,* 730 F.2d 941, 944 (3d Cir. 1984) have been met. At the conclusion of Phase II, it is anticipated that this Honorable Court will have ruled that Latrobe breached its contract to pay a definite sum in the form of premiums to Royal; satisfying the first prong of *Black Gold*. Further, the prejudgment interest can easily be calculated by following the mathematical calculation *infra*, established from Pennsylvania law and generally accepted in the business of insurance carriers; satisfying the fourth prong of *Black Gold*.

The six percent per annum statutory rate of interest for judgments, *supra*, equals a daily rate of interest of .000164 (.06 divided by 365 days). The number of days for which Royal is entitled to prejudgment interest is the number of days from January 29, 1996 to the date of judgment. Thus, the amount owed multiplied by .000164 multiplied by the number of days will equal the amount of prejudgment interest.

In the alternative, if it is determined that the damages are unliquidated, the Court should award a prejudgment interest to Royal in the same amount, given the unjust enrichment enjoyed by Latrobe in its use of funds owed to Royal.

                              Respectfully submitted,

                              OBERMAYER REBMANN MAXWELL & HIPPEL LLP

By:   s/Bruce C. Fox_____
       Bruce C. Fox, Esquire
       Pa. I.D. No. 42576
       Rudy A. Fabian
       Pa. I.D. No. 56703
       Obermayer Rebmann Maxwell & Hippel LLP
       One Mellon Center, Suite 5240
       Pittsburgh, PA  15219
       (412) 566-1500
       F: (412) 566-1508

Date:  May 2, 2006                          Attorneys for Plaintiffs

4043095

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has on the 2nd day of May, 2006, served a copy of the within *Plaintiff's Phase II Trial Memorandum Regarding Royal's Entitlement to Pre-Judgment Interest* upon the person and addressed as listed below:

Mark Gordon, Esq.
Pietragallo Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219


s/Bruce C. Fox_____
Bruce C. Fox