IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation, ROYAL INDEMNITY COMPANY, a Delaware Corporation, and AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LATROBE CONSTRUCTION COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 00-2128<br><br>The Hon. Francis X. Caiazza<br>Chief Magistrate Judge |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
PHASE II TRIAL MEMORANDUM REGARDING
ROYAL'S ENTITLEMENT TO PREJUDGMENT INTEREST**

**I. INTRODUCTION**

For 21 consecutive years beginning September 1, 1974, Latrobe Construction Company ("Latrobe") purchased workers' compensation insurance policies from Royal Insurance Company of America, Royal Indemnity Company and Foreign Insurance Company (collectively referred to as "Royal"). (Findings of Fact and Conclusions of Law 1/06/06, p. 2). The policies were issued annually, but final premiums were based upon a series of three-year retrospective premium agreements. (Id.).

Royal commenced an action against Latrobe on October 30, 2000 seeking retrospective insurance premiums. Latrobe responded to Royal's Complaint by denying liability. Further, Latrobe filed a Counterclaim seeking a return of excess premium. (Ex. AP).

-2-

Due to the complexity of each parties' demand for premium, the Court bifurcated the trial into two phases. (December 15, 2004 Order at p.4). Phase I was to address Royal's claims handling. (Findings of Fact and Conclusions of Law 1/06/06, p. 4). Phase II was to address damage issues. (Id.). Specifically, Phase II of this litigation was to determine: (1) "actual loss" suffered as a consequence of the claims mishandling; and (2) the amount of retrospective premiums due to Royal. (Findings of Fact and Conclusions of Law, 1/06/06, p. 103).

Dianne Leger, Royal's corporate designee for underwriting issues, provided deposition testimony on August 28, 2003 regarding the retrospective premium agreements in this case. (Ex. BB). The insuring agreements do not provide for the payment of a sum certain in exchange for workers' compensation coverage. The formula for the calculation of premiums is variable and subject to change. Latrobe's retrospective premium obligations were closely related to the incurred losses under the Policies. (Findings of Fact and Conclusions of Law 1/6/06, p.5). As Ms. Leger testified, the total incurred losses are the most substantial and variable component of the premium calculation. (Ex. BB, p. 33).

To date, none of the retrospectively rated programs, that were annually created by Royal, from September 1, 1974 through September 1, 1995, have been closed. (Ex. BB, pp. 8-9). At this time, the rights and obligations of the parties remain unsettled.

During Phase II, Royal requested prejudgment interest. Based upon the evidence presented, Royal is not entitled to an award of prejudgment interest.

## II. ARGUMENT

A.  **In That Its Claimed Damages are Not Liquidated, Royal is not Entitled to Prejudgment Interest as a Matter of Right.**

In this matter, Royal must present sufficient evidence to prove that it is entitled to prejudgment interest. Under Pennsylvania law, the burden of proof lies with the party seeking prejudgment interest under a contract. Black Gold Coal Corp. v. Shawville Coal Co., 730 F.2d 941, 944 (3d Cir. 1984). Pennsylvania Courts have adopted Section 337(a) of the Restatement of Contracts[1] to determine whether a party is entitled to prejudgment interest. Black Gold, 730 F.2d at 943. In order to receive prejudgment interest, the damages must be liquidated. In Black Gold, the Third Circuit explained that, under Pennsylvania law, a plaintiff is entitled to prejudgment interest only if:

> (1) a defendant commits a breach of a contract to pay a definite sum of money; or (2) a defendant commits a breach of contract to render a performance the value of which in money is stated in the contract; or (3) a defendant commits a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract; or (4) a defendant commits a breach of a contract to render a performance the value of which in money is ascertainable from establish market prices of the subject matter.

Id. (emphasis added). The Third Circuit emphasized that although the Restatement does not use the term "liquidated damages," the concept is "implicit" in § 337(a). Id. See also, Montgomery Co. v. Microvote, 2001 U.S. Dist. LEXIS 8737 at 14.

Applying the four criteria of The Restatement and Black Gold, supra, to the present case, Royal is not entitled to prejudgment interest. The contract in question was not to pay a definite sum of money and the contract was not for Latrobe's specific performance.

At trial, the Plaintiff failed to present any evidence to show that the insuring contracts at issue were for the payment of a definite sum of money. In fact, the evidence demonstrates that the calculation is variable, the programs are still open and, arguably, subject to adjustment. Both parties sought damages in this action; the value of which was uncertain and necessitated the presentation of detailed expert testimony.

Likewise, the other three factors outlined in Black Gold are not applicable. Factors 2 through 4 relate to contracts requiring the specific performance of the Defendant. The performance of Latrobe is not a consideration for the contracts at issue.

Therefore, because the claimed damages in this case do not fall within the four categories set forth by the Third Circuit in Black Gold, Plaintiff is not entitled to prejudgment interest as a matter of right.

### B. The Evidence Presented Does Not Support a Discretionary Award of Prejudgment Interest.

If a party is not entitled to prejudgment interest as a matter of right under Restatement of Contracting § 337(a), "under Pennsylvania law, prejudgment interest may be awarded on a claim involving unliquidated damages at the discretion of the trial court." Krain, 1986 U.S. Dist. LEXIS 21740, at 3-4 (citing Feather v. United Mine Workers of Am., 711 F.2d 530, 540 (3d Cir. 1983)). See also N. Am. Specialty Ins. Co., 2002 U.S. Dist. LEXIS 11730, at 28; Montgomery County v. Microvote Corp., No. 97-6331, 2001 U.S. Dist. LEXIS 8737 (E.D. Pa. June 25, 2001). However, discretionary prejudgment interest is limited. Courts are to consider four factors when determining whether a discretionary award of prejudgment interest is appropriate:

---

[1] As explained in Black Gold, "Restatement of Contracts § 337(a) (1932) is currently found at Restatement (Second) of Contracts § 347(a) (1981)." Id. at 943 n.1.

> (1) the diligence of the plaintiff in prosecuting the action; (2) whether the defendants have been unjustly enriched; (3) whether the award would be compensatory; and (4) whether there are countervailing equitable considerations which militate against an award of prejudgment interest.

Feather v. United Mine Workers of America, 711 F.2d 530, 540 (3d Cir. 1983).

In this matter, the factors enunciated in Feather do not warrant the Court's discretionary award of prejudgment interest. Initially, Plaintiff has not presented evidence to prove its diligence. Based on the record before the Court, Plaintiff has also failed to demonstrate that Defendant was unjustly enriched as a result of its breach and that the award of prejudgment interest would be compensatory. As noted by the Eastern District Court, the mere fact that Latrobe may have had use of money does not mean that it was unjustly enriched. (See Krain, 1986 U.S. Dist. LEXIS 21740 at 11). Likewise, if this court ultimately decides in Royal's favor, it does not signify that Latrobe was unjustly enriched. (See Krain at 11.)

Further, equitable considerations weigh against an award of prejudgment interest. The programs are not yet closed and still, arguably, subject to adjustment. There was a legitimate dispute as to the parties' obligations, and both parties presented expert witnesses in support of their positions. To determine the applicable total incurred values, both Plaintiff and Defendant offered expert testimony as to the handling of claims. The determination as to the financial impact of any court-determined errors is currently before this Court. Finally, there is a clear indication that Royal was not able to provide essential facts to Latrobe; including what premiums it had applied to Latrobe's account.

In the absence of any of the elements outlined in Feather, the Court should decline to award prejudgment interest. See, Montgomery County, 2001 U.S. Dist. LEXIS 8737 at 16, and Krain, 1986 U.S. Dist. LEXIS 21740 (declining to make a discretionary award of prejudgment

interest where the plaintiff failed to demonstrate unjust enrichment and where there was a legitimate dispute). Here, Royal has failed to present evidence of any of the factors justifying a discretionary award of prejudgment interest.

### III. CONCLUSION

In the present case, Plaintiff has asked for the award of prejudgment interest. However, Plaintiff's claim fails in that its damage claim is not liquidated. Likewise, the evidence presented does not warrant the award of discretionary prejudgment interest.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON LLP


By:   /s/ Mark Gordon
     Mark Gordon, Esq.
     Timothy R. Smith, Esq.

One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-2000 - phone
(412) 261-5295 – facsimile
MG@PBandG.com
TRS@PBandG.com

Counsel for Defendant/Counterclaim Plaintiff,
Latrobe Construction Company

-6-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 6, 2006, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PHASE II TRIAL MEMORANDUM REGARDING ROYAL'S ENTITLEMENT TO PREJUDGMENT INTEREST** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Bruce C. Fox, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
US Steel Tower
600 Grant Street, Suite 5240
Pittsburgh, PA 15219
*Counsel for Plaintiffs*

PIETRAGALLO, BOSICK & GORDON

By: __/s/ Mark Gordon__
     Mark Gordon, Esq.
     Timothy R. Smith, Esq.

Counsel for Defendant/Counterclaim Plaintiff, Latrobe Construction Company