IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation, ROYAL INDEMNITY COMPANY, a Delaware Corporation, and AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation, | ) ) ) ) ) ) ) | Civil Action No. 00-2128  The Hon. Francis X. Caiazza Chief Magistrate Judge |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LATROBE CONSTRUCTION COMPANY, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE
AND SURREPLY TO PLAINTIFFS' REPLY BRIEF
IN SUPPORT OF PLAINTIFFS' ENTITLEMENT TO PRE-JUDGMENT INTEREST**

AND NOW, comes Defendant (hereinafter "Latrobe") and files this Motion to Strike and Surreply to Plaintiffs' Reply Brief in Support of Plaintiffs' Entitlement to Prejudgment Interest stating as follows:

**MOTION TO STRIKE**

1.  Royal has the burden of proof to establish, at trial, its entitlement to prejudgment interest. Black Gold Coal Corp. v. Shawville Coal Company, 780 F.2d 941, 944 (3d. Cir. 1984).

2.  During the Phase II trial of the matter, Royal presented the evidence it believed was sufficient to support its claim for damages and rested on all issues. (N.T. 5/3/06 p. 38).

3.  Now, in an effort to "take a second bite of the apple," Royal has attempted to cure evidentiary shortcomings under the guise of a Reply Brief.[1] The Reply Brief does not cite any

---

[1] In its Motion for Leave to File a Reply Brief, Plaintiffs claim that the purpose of the filing was to "bring relevant authority not previously cited in its Trial Brief to the Court's attention . . . ." As is obvious, Plaintiffs attempt to do much more through its filing.

-2-

controlling case law that Royal had not relied upon in its previously filed Brief in Support of Plaintiffs' Entitlement to Pre-Judgment Interest.

4.      Rather, through its "Reply" Brief, Royal attempts to present evidence and argument that was not addressed in its original Brief in Support of Plaintiffs' Entitlement to Pre-Judgment Interest, the Phase II trial or its Proposed Findings of Fact and Conclusions of Law. Through the Reply Brief, Plaintiffs are attempting to present evidence, facts and argument that is not subject to in-court confrontation.

5.      Royal has not requested leave to open the record.

6.      Royal now bases arguments in its Reply Brief upon documents and facts that were either not admitted or were not utilized by any Royal witness as a basis for Royal's damage claim.

7.      Exhibits attached to a brief are not evidence for the Court's consideration.

8.      Courts have long held that the attachment of an exhibit to a pleading does not serve to move the pleading nor the exhibit into evidence. See, In Re Aughenbaugh, 125 F.2d 887, 889 (3d Cir. 1942); Interstate Commerce Commission v. Louisville and Nashville Railroad Co., 227 U.S. 88, 33 S.Ct. 185 (1913); United States and Interstate Commerce Commission v. Abilene and Southern Railway Co., 265 U.S. 274, 44 S.Ct. 565 (1924).

9.      To hold otherwise would violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing on the case. Interstate Commerce Commission v. Louisville, supra.

As such, in that the proper and Royal's proffered purpose of a Reply Brief is far exceeded by Royal's submission, Defendant requests that this Court strike the Reply Brief. At a minimum,

Defendant requests that the referenced and attached exhibits not be considered as evidence in this matter.

## SURREPLY BRIEF

### Plaintiff Cannot Introduce Evidence Through its Reply Brief.

Royal has the burden of proof to demonstrate its entitlement to prejudgment interest. Black Gold Coal Corp. v. Shawville Coal Co., 780 F.2d 941, 944 (3rd Cir. 1984). Despite four attempts[2], Royal has not provided sustainable evidence or argument to support its claim for prejudgment interest.

The Reply Brief of Royal restates the arguments that it has earlier made and attempts to introduce evidence that should have been produced during Plaintiffs' case-in-chief. Royal's Reply Brief references and attaches exhibits that were not introduced at trial nor relied upon by any Royal witness in support of its damage claim. Royal attempts to build argument and interject facts, through its Reply Brief, that are not supported by the record. Such is not proper.

As has long been held, attachment of an exhibit to a pleading does not serve to move the pleading nor the exhibit into evidence. See, In Re Aughenbaugh, 125 F.2d 887, 889 (3d Cir. 1942). Aughenbaugh flows from the Supreme court decision in Interstate Commerce Commission v. Louisville and Nashville Railroad Company, 227 U.S. 88, 33 S.Ct. 185 (1913), which suggest that the essential characteristic of a hearing is the ability to test, explain or refute evidence. Royal's attempt to submit evidence and documents that were not offered during the trial would be manifestly unjust as Latrobe's right to confront the opposing evidence is not present. Also supportive of the prohibition of such conduct is the Supreme Court's opinion in

---

[2] Royal has briefed this issue, presented its case-in-chief, filed Proposed Findings of Fact and Conclusions of Law and has submitted a Reply Brief.

<u>United States and Interstate Commerce Commission v. Abilene and Southern Railway Company, et al.</u>, 265 U.S. 274, 44 S.Ct. 565 (1924) which found that nothing can be treated as evidence which is not introduced as such.

To hold otherwise would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have the opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal. As the Supreme Court echoed in <u>Interstate Commerce Commission v. Louisville and National Railroad Company</u>, 227 U.S. 88, 93, 33 S.Ct. 185, 187, "manifestly, there is not hearing when the party does not know what evidence is offered or considered, and it not given an opportunity to test, explain or refute."

As such, the acceptance of or even judicial notice of any of the exhibits attached to Royal's Reply Brief is inappropriate.

**Royal is Not Entitled to Prejudgment Interest.**

Once one looks closely at Royal's Reply Brief and arguments, it becomes apparent that the relied-upon case law is wholly distinguishable from the present matter and that the evidence of record is insufficient to support an award of prejudgment interest.

Initially, Royal's claim is not liquidated and an award of prejudgment interest is not proper as a matter of right. Secondly, the evidence presented does not warrant a discretionary award of prejudgment interest.

In support of its claim for prejudgment interest, Royal relies heavily upon a Florida state court action, <u>Dade Co. v. American Re-Insurance Company</u>, 467 So.2d 414 (Fla. App. 1985). However, such reliance is misplaced. In finding an entitlement to prejudgment interest, the <u>Dade Co.</u> Court expressly held that there was no question or controversy as to the amount of the

incurred loss or the amount of owed retrospective premium. Likewise in Dade Co., there was not an issue as to whether the claims handling of the carrier effected the incurred loss figure.[3] In fact, the Court found:

> . . . Dade does not dispute the correctness of this figure [retrospective premium owed] and in fact concedes that it owes American this exact amount under the contract. Accordingly, the trial court correctly ruled that American's counterclaim was liquidated for purposes of prejudgment interest.

Dade Co., 467 So.2d 419.

Such is not the case here. The propriety of claims handling and the resulting incurred values were hotly contested.[4] Both parties presented expert testimony as to the reasonableness of claims handling. As the Court is well aware, the propriety of claims handling had a direct impact on the total incurred values; a major and variable component of the retrospective premium calculation. Unlike the factual scenario in Dade Co., Latrobe never conceded the amount of retrospective premium.

In fact, the Court found evidence of claim mishandling. Phase II was to address the issues of "actual loss" suffered as a result of claims mishandling and, thereafter, attempt to assess the amount of retrospective premiums due Royal. To date, the values have yet to be established by the Court. Instantly, the claimed damages of Royal are not liquidated for the purpose of awarding prejudgment interest.

Finally, through its Reply Brief, Royal does not raise any new arguments supported by the evidence it presented during its case-in-chief record support to its claim for a discretionary

---

[3] The issue of claims handling and its effect on retrospective premium was not before the Court in Employers Insurance of Wausau v. Titan International, Inc., 400 F.3d 486 (7th Cir. 2004). Royal's reliance upon this case is also misplaced.

award of prejudgment interest. Rather than rehash existing arguments, Defendant incorporates, by reference, its Memorandum in Opposition to Plaintiffs' Phase II Trial Memorandum Regarding Royal's Entitlement to Prejudgment Interest.

WHEREFORE, for the reasons set forth herein and in its Memorandum in Opposition to Plaintiffs' Phase II Trial Memorandum Regarding Royal's Entitlement to Prejudgment Interest, Defendant respectfully requests that this Court deny Plaintiffs' request for prejudgment interest.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON LLP


By:   /s/ Mark Gordon
     Mark Gordon, Esq.
     Timothy R. Smith, Esq.

One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-2000 - phone
(412) 261-5295 – facsimile
MG@PBandG.com
TRS@PBandG.com

Counsel for Defendant/Counterclaim Plaintiff,
Latrobe Construction Company

---

[4] The contentiousness of the issues in this matter was confirmed by Royal, itself. In its Reply Brief, Royal describes this matter as "an extremely hard fought litigation extending over 5-1/2 years, involving a docket with 175 filings and consuming thousands of hours of attorney time." (Royal's Reply Brief at p. 8).

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2006, I electronically filed the foregoing **DEFENDANT'S MOTION TO STRIKE AND SURREPLY TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' ENTITLEMENT TO PRE-JUDGMENT INTEREST** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Bruce C. Fox, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
US Steel Tower
600 Grant Street, Suite 5240
Pittsburgh, PA 15219
*Counsel for Plaintiffs*

PIETRAGALLO, BOSICK & GORDON

By: /s/ Mark Gordon
Mark Gordon, Esq.
Timothy R. Smith, Esq.

Counsel for Defendant/Counterclaim Plaintiff, Latrobe Construction Company