**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation, ROYAL INDEMNITY CO., a Delaware Corporation, and AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation,<br><br>   Plaintiffs,<br><br> vs.<br><br>COMPANY,<br><br>   Defendant. | Civil Action No. 00-2128<br><br>The Honorable<br>Francis X. Caiazza<br>Chief Magistrate Judge<br><br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>ELECTRONICALLY FILED |

  Plaintiffs, ROYAL INSURANCE COMPANY OF AMERICA, ROYAL INDEMINITY CO., AMERICAN AND FOREIGN INSURANCE COMPANY (collectively, "Royal"), by and through their attorneys, file this Brief In Opposition to Defendant's Motion to Strike, stating as follows:

  In its Motion to Strike and Surreply Brief, Latrobe argues that "acceptance of or even judicial notice of *any* of the exhibits attached to Royal's Reply Brief is inappropriate" and "requests that this Court strike the Reply Brief." There is no basis for the relief requested by Latrobe. Rather, the Motion to Strike is the latest in Latrobe's long string of obstructionist maneuvers that have delayed payment of amounts owed to Royal since 1995.

  At paragraph 3 of its Motion to Strike, Latrobe makes the puzzling assertion that Royal has cited no case law in its Reply Brief that it had not cited in its original Pre-Judgment Interest Trial Brief. This is clearly erroneous, as Royal has brought at least seven new cases to the

Court's attention.[1]  In fact, Latrobe devotes the entirety of the remaining portion of its Surreply Brief to an attempt to distinguish one of these new cases, *Dade County v. American Re-Insurance Company*, 467 So. 2d 414 (Fla. App. 1985).[2]

Latrobe complains that "through its Reply Brief, Royal attempts to present evidence and argument that was not addressed in its original Brief."  The objection to Royal presenting new argument makes no sense, as the very purpose of the Reply Brief—which the Court recognized by granting Royal leave to file it—was to bring additional authority for Royal's position to the attention of the Court.

Latrobe's contention that Royal has attempted to present new evidence is based on a gross distortion of the record.  Latrobe urges the Court to strike all of the exhibits attached to Royal's Reply Brief, because they "were not introduced at trial nor relied upon by any Royal witness in support of its damage claim." (Latrobe's Motion, pg. 2).  Latrobe fails or pretends not to recognize that: Attachment A to the Reply Brief "is an excerpt from Plaintiffs' Trial Exhibit 1" (Reply Brief at 3, n. 4); Attachment B is "Plaintiffs' Trial Exhibit 190" (Reply Brief at 4); Attachment C is "Defendant's Trial Exhibit C" (Reply Brief at 4); and Attachment E is an "excerpt from 1992-93 policy (Plaintiffs' Trial Exhibit 1)" (Reply Brief at 6, n. 8.)  Accordingly, Latrobe's citation of authority for the proposition that "attachment of an exhibit to a pleading

---

[1] These cases include: *Perel v. Liberty Mutual Insurance Co.*, 839 A. 2d 426 (Pa. Super. 2003); *Dade County v. American Re-Insurance Company*, 467 So. 2d 414 (Fla. App. 1985); *Employers Insurance of Wausau v Titan International, Inc.,* 400 F. 3d 486 (7th Cir. 2005); *Buys v. Buys*, 924 S.W. 2d 369 (Tex. 1996); *Pension Benefit Guarantee Corp.. v. Greene*, 570 F. Supp. 1483 (W.D. Pa. 1983); *Tiab Communications Corp. v. Keymarket of NEPA, Inc.*, 263 F. Supp. 2d 925 (M.D. Pa. 2003); and *Employers Reinsurance Corp. v. Jefferson Pilot Financial Insurance Co.,* 176 F. Supp. 2d 1183 (D. Kan. 2001).

[2] Significantly, Latrobe makes no effort at all to address the remainder of Royal's arguments, or to explain why pre-judgment interest can properly accrue on unpaid fixed premiums, but not on retrospectively-rated premiums.  The reality is that there is no authority that would support such a dichotomy.

does not serve to move the pleading into evidence" is completely misplaced because *each of the exhibits had already been admitted into evidence.*[3]

Attachment D of Royal's Reply Brief is merely a summary showing the calculation of prejudgment interest, $539,003.43, as addressed in the trial testimony of Royal's expert, Gerald Chimenti (TT1, page 120, lines 2-25), upon which the Court can indisputably rely.

Accordingly, Royal requests that the Court deny Latrobe's Motion to Strike in its entirety.

                                        Respectfully submitted,

                                        OBERMAYER REBMANN MAXWELL & HIPPEL LLP

By: s/Bruce C. Fox_____
     Bruce C. Fox, Esquire
     bruce.fox@obermayer.com
     Pa. I.D. No. 42576
     Rudy A. Fabian
     rudy.fabian@obermayer.com
     Pa. I.D. No. 56703
     Obermayer Rebmann Maxwell & Hippel LLP
     One Mellon Center, Suite 5240
     Pittsburgh, PA 15219
     (412) 566-1500
     F: (412) 566-1508

Date: June 29, 2006                    Attorneys for Plaintiffs

---

[3] Latrobe also contends that certain documents should be stricken because no Royal witness expressly relied on them in support of Royal's damage claim. This argument is contrary to common sense and unsupported by citation to any authority. The contents of a document that is admitted into evidence can be considered and relied upon by the fact-finder, independent of any oral testimony.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has on the 29th day of June, 2006, served a copy of the within *Plaintiff's Brief In Opposition to Defendant's Motion to Strike* upon the person and addressed as listed below:

Mark Gordon, Esq.
Pietragallo Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219


s/Bruce C. Fox_____
Bruce C. Fox

4060335