IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 00-2128 |
| v. | ) ) | Magistrate Judge Caiazza |
| LATROBE CONSTRUCTION COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### ORDER

The Defendant's Motion to Strike the Testimony of Gerald Chimenti (Doc. 168) will be denied.

Latrobe objects that this expert's opinions "lack the requisite factual foundation to establish any [of Royal's] claims for damages." *See* Def.'s Br. (Doc. 169) at 1. Encompassed in counsel's assertion are two theories: (a) Mr. Chimenti's calculations lack acceptable "factual predicate[s]" in the record, and (b) the data upon which he depends is not sufficiently reliable to support an expert opinion. *See generally id.* at 15-16. Neither criticism has merit.

As to a "factual predicate," the court already has questioned the degree to which one even is necessary for the purposes of Mr. Chimenti's calculations. *See* Mem. & Order of Sept. 17, 2004 (Doc. 108) at 2 n.1 ("[t]he court is unconvinced that Mr. Chimenti could not properly opine on the calculations" in response to hypothetical questions); *see also generally* Bogacki v. American Mach. & Foundry Co., 417 F.2d 400, 409 (3d Cir. 1969) (affirming trial court's admission of expert opinion in response to hypothetical question; even where underlying

facts are "considerably weakened by cross-examination, . . . issue[s] of credibility [are] for the jury").  Even under the Defendant's articulation, Mr. Chimenti's factual predicates only must find "<u>some support</u> in the record."  *See* Def.'s Br. at 15 (citation and internal quotations omitted, emphasis added).  The evidence easily satisfies this requirement.  *See, e.g.*, Phase II Exs. AT, AV & AW (examples of Royal's 2002 loss-runs); Ex. BA (Royal's "Statement of Account for Latrobe Construction"); Ex. AS (ltr. from David M. Hooper dated Dec. 1, 1999, confirming parties' accounts were zeroed out in 1994).  Any objections Latrobe may level go to the weight and credibility of Mr. Chimenti's opinions, not their admissibility.

As to the second issue, the reliability of Mr. Chimenti's data, the test is whether the information "is of a type reasonably relied on by experts in the field."  *See* Def.'s Br. at 16; *see also* Pls.' Opp'n Br. (Doc. 172) at 3 (quoting published Third Circuit authority).  The Defendant cannot convincingly challenge Mr. Chimenti's opinions when its own expert Gerald Raabe has relied on essentially the same data set.  *See* Rpt. of Gerald L. Raabe dated July 31, 2003 (attached under Ex. A to Doc. 86) at 5, 7 (confirming expert's reliance on Royal's 2002 loss-runs); *compare id.* at attachment pg. 29 ("total billings" line) *with* Ex. BA (both reflecting numbers found in Royal's statement of account); *see also generally* Mr. Raabe's Rpt. at 6 & Aff. (Ex. A to Doc. 86) at 1 ("the documents . . . made available provided sufficient information to calculate premiums I believe to be reasonable and true," and opinions and calculations were "rendered within a reasonable degree of professional certainty").

The court agrees with the experts that the data made available to them was sufficient for the purposes of Federal Rule of Evidence 703.  Diane Leger testified at length regarding the

wide-ranging internal and external audits conducted on Royal's loss-runs. *See* Tr. at 172-2.4-8.[1]
The experts reasonably relied on the audited loss-runs,[2] especially given the administrative impracticability of the alternative, *i.e.*, reviewing hundreds if not thousands of medical and indemnity payments in dozens, if not hundreds, of Latrobe claims files.[3]

   Next is Royal's statement of account. While the undersigned may be inclined to agree that it is not the best evidence conceivable, it certainly suffices under the relatively liberal standards in Federal Rule 703. *Compare id.* ("[i]f of a type reasonably relied upon by experts, . . . the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted") *with* discussion *supra* (noting Mr. Raabe's acceptance of statement of account for purposes of his expert report). In addition, the court finds at least somewhat disingenuous Latrobe's attempt to now take issue with Royal's account summaries, given the Defendant's silence regarding the matter over the last several years of litigation. And though Latrobe complains of purported omissions in Royal's document production, no timely discovery motions are apparent.

---

[1] The transcript for the second day of Phase II, heard on May 3, 2006, cannot be found under Document Number 177. It is, however, filed as Exhibit 2 to Document Number 172.

[2] At least one other federal court has reached a similar conclusion. *See* Reliance Ins. Co. v. Safeharbor Employer Servs. I, Inc., 2006 WL 822527, *3 (M.D. Fla. Mar. 24, 2006).

[3] In light of the court's acceptance of the audited loss-runs, it need not address Latrobe's efforts to show purported discrepancies between the loss-runs and the claims files in Augustine, Younker, and Freed. Even were the court to reach the issue, Ms. Leger's testimony provided sufficient explanation(s) for any material purported discrepancies identified by Latrobe. *See* Tr. at 172-2.9, 172-2.11-12.

The court does not think it appropriate to countenance "trial by ambush,"[4] and the Defendant's arguments regarding the statement of account are unavailing.

For all of these reasons,[5] the Defendant's Motion to Strike (Doc. 168) is hereby DENIED.

IT IS SO ORDERED.

July 14, 2006

*[signature]*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Bruce C. Fox, Esq.
Kathleen G. Sheehan, Esq.
Mark Gordon, Esq.
Timothy R. Smith, Esq.

---

[4] "Discovery [practice] has its virtues; trial by ambush has gone the way of copies by carbon paper. Procedural foreplay has become a cottage industry. Litigants now largely spend their time, not in courtroom battles, but in pretrial skirmishes -- which is probably a good thing, as we hardly have enough courtrooms to contain today's barristerial throngs." Smith v. J.I. Case Corp., 163 F.R.D. 229, 232 (E.D. Pa. 1995).

[5] The analyses above address, either directly or by implication, all but one of Latrobe's arguments. The remaining assertion, that Mr. Chimenti's testimony should be stricken because he did not consider the coverage years 1974 to 1980, likewise is without merit. Cf. Def.'s Br. at 3, 6. The Defendant merely expresses disagreement with a limited aspect of Mr. Chimenti's methodology, and this again goes more to the weight of the expert's testimony than its admissibility. The court finds no reason, moreover, to conclude Mr. Chimenti's exclusion of the coverage years in question had any impact on the reliability of his calculations. Indeed, the Defendant's own expert likewise restricted his analyses to later policy periods. See Mr. Raabe's Rpt. at 5-6 (offering opinions regarding "period 9/1/89 through 9/1/95").