IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation, ROYAL INDEMNITY CO., a Delaware Corporation, and AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation, | Civil Action No. 00-2128 <br><br> The Hon. Francis X. Caiazza <br> Chief Magistrate Judge |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION TO** <br> **DISQUALIFY DEFENDANT'S COUNSEL** |
| LATROBE CONSTRUCTION COMPANY, | ELECTRONICALLY FILED |
| Defendant. | |

AND NOW, come Plaintiffs, Royal Insurance Company of America, Royal Indemnity Co., and American and Foreign Insurance Company (collectively "Royal"), and file this Motion to Disqualify Defendant's Counsel, stating as follows:

**FACTS**

1. Commencing at least as early as 1987, Latrobe's counsel and other lawyers in his firm, Pietragallo, Bosick & Gordon ("Pietragallo"), represented Royal and its insureds in the defense of workers compensation claims asserted by employees of Royal's insureds, and their representation of Royal and its insureds in defending workers compensation claims continued until at least 2004.

2. During this period of time, Pietragallo has represented Royal and its insureds in no less than 89 separate workers compensation matters and an equally large number of general liability matters.

3. Royal has paid Pietragallo approximately $3.7 million in legal fees.

4. In 1995, counsel for Latrobe began representing Defendant Latrobe Construction Company in its dispute with Royal over retrospective premiums.

5. On October 30, 2000, Royal commenced the present action against Latrobe, seeking the recovery of retrospective premiums.

6. On December 1, 2000, counsel for Latrobe entered his appearance on behalf of Latrobe in the present action.

7. On the same date, along with its Answer, Latrobe filed a Counterclaim against Royal which it subsequently quantified in the amount of $5,324,633. The gravamen of Latrobe's Counterclaim was that Royal's workers compensation claims-handling practices were deficient, resulting in excessive payments on claims and excessive reserves, which Latrobe alleged resulted in excessive retrospective premiums.

8. As the Court is well aware, Latrobe intensively litigated with Royal over Royal's claims-handling practices for the next five and one-half years.

9. At no time prior to his representation of Latrobe in its dispute with Royal did counsel for Latrobe seek from Royal a waiver of conflicts of interest, nor did Latrobe counsel disclose to Royal the existence of the conflict.

10. At no time after he began to represent Latrobe in its dispute with Royal, did Latrobe counsel seek from Royal a waiver of conflicts of interest or disclose to Royal the existence of the conflict.

11. On January 25, 2005, Royal counsel wrote to Latrobe counsel requesting information about another potential conflict of interest arising from a prior representation of Royal by one of Latrobe counsel's partners in an EEOC matter that Royal counsel had become aware of. In that letter, the undersigned specifically requested that Latrobe counsel "provide any

and all documents, including but not limited to, fee letters, pleadings, correspondence and billing statements regarding… any other matters, in which PB&G previously represented Royal."

12. Latrobe counsel's February 1, 2005 response did not, as requested, identify any matters in which Latrobe counsel or other Pietragallo lawyers had previously represented Royal.

13. In late June 2006, Royal counsel fortuitously discovered through doing legal research on an unrelated matter that Latrobe counsel had appeared in two reported workers compensation cases litigated in the Commonwealth Court of Pennsylvania, as counsel for Royal.

14. By letter of June 30, 2006, attached hereto as Exhibit A, Royal noticed Latrobe counsel of the conflict relating to those two reported workers compensation cases and one unreported workers compensation case that was also discovered, and requested comprehensive information and files for those matters and all matters involving Pietragallo's prior representation of Royal.

15. On July 7, 2006, Latrobe counsel responded tersely by letter, attached hereto as Exhibit B, in which he inexplicably declined to provide any responsive information and wholly failed to provide any explanation for the apparent conflict.[1]

16. After Latrobe counsel demurred to Royal's request for information, Royal conducted an extensive search of its archived files and discovered that Latrobe counsel's conflict ran much deeper than the three known workers compensation matters and, in fact, extended to over 250 workers compensation and general liability cases for which Royal had been billed $3.7 million, necessitating the filing of the instant motion.

---

[1] Given Latrobe counsel's refusal to provide on an informal basis more detailed information concerning these conflicting representations of Royal and Latrobe, it may be necessary for Royal to request formal discovery, including document requests and depositions, in order to fully develop its basis for disqualification.

17. Federal courts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients.

18. To protect these vital interests, courts have the power to disqualify an attorney from representing a particular client.

19. A court should disqualify an attorney or law firm when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule.

20. This Court has adopted the Rules of Professional Conduct adopted by the Pennsylvania Supreme Court. W.D.PA.LR. 83.3.1B.

21. Rule 1.7 of the Pennsylvania Rules of Professional Conduct, entitled "Conflict of Interest: Current Clients," provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."

22. The explanatory comment to Rule 1.7 provides that, "absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated."

23. Representation of Latrobe against Royal in the present matter, while simultaneously representing Royal in defending workers compensation and general liability claims comprises a "concurrent conflict of interest" within the meaning of Rule 1.7.

24. There is a significant likelihood that Pietragallo's representation of Royal was materially limited by its responsibilities to Latrobe, in contravention of Rule 1.7(a)(2).

25. A concurrent conflict, such as existed while Pietragallo was simultaneously representing Royal and Latrobe, is the most egregious type of conflict of interest.

26.  Royal has never given informed consent to the concurrent conflict of interest in which Pietragallo has engaged during the period it was representing both Royal and Latrobe.

27.  Counsel's representation of Latrobe in the present matter contravenes of Rule 1.7.

28.  Rule 1.9(a) of the Pennsylvania Rules of Professional Conduct, entitled "Duties to Former Clients" provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."

29.  Royal's dispute with Latrobe, generally, and Latrobe's defenses and Counterclaim alleging claim-handling deficiencies, in particular, are "substantially related," within the meaning of Rule 1.9, to workers compensation claims that Latrobe counsel and his firm defended for Royal.

30.  Latrobe's interests, in the present litigation, are and at all relevant times have been "materially adverse" to Royal's interests, within the meaning of Rule 1.9.

31.  Royal did not give "informed consent," within the meaning of Rule 1.9 to Pietragallo's simultaneous representation of Latrobe in its highly contentious dispute with Royal, and Royal in its defense of workers compensation and general liability claims.

32.  Latrobe counsel's representation of Latrobe in the present matter contravenes of Rule 1.9.

33.  Rule 1.6, entitled "Confidentiality of Information," provides that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent."

34. In their representation of Royal by Latrobe counsel and other members of his firm, they obtained significant information about Royal, including but not limited to extensive information about its claims-handling practices.

35. On information and belief, during representation of Latrobe against Royal in the present matter, Latrobe counsel could not help but draw upon the knowledge obtained during Pietragallo's representation of Royal, thereby running afoul of Rule 1.6.

36. Royal never gave Latrobe counsel "informed consent" within the meaning of Rule 1.6.

37. Royal has commenced discovery in aid of execution in the present matter and it is anticipated that although a judgment of $1,052,107.00 has been entered, there will be extensive further activity in this action concerning Royal's efforts to execute upon its judgment against Latrobe.

**WHEREFORE**, Royal respectfully requests that to protect the integrity of its judgments, maintain public confidence in the integrity of the bar, eliminate conflicts of interest, and protect confidential communications between attorneys and their clients, this Honorable Court disqualify Latrobe counsel from continuing to represent Latrobe in this litigation.

        Respectfully submitted,

        OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated:  August 4, 2006        s/Bruce C. Fox_____
        Bruce C. Fox, Esquire (PA I.D. 42576)
        bruce.fox@obermayer.com
        Rudy A. Fabian, Esquire (PA I.D. 56703)
        rudy.fabian@obermayer.com
        One Mellon Center, Suite 5240
        500 Grant Street
        Pittsburgh, PA  15219
        (412) 566-1500
        F: (412) 566-1508

        Counsel for Plaintiffs Royal Insurance Company of America, Royal Indemnity Co. and American and Foreign Insurance Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has on the 4th day of August 2006, served a copy of the within *Plaintiffs' Motion to Disqualify Defendant's Counsel* on the person and at the address listed below via U.S. mail, 1st class:

Mark Gordon, Esq.
Pietragallo Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

s/Bruce C. Fox_____
Bruce C. Fox