NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3673/3825
_____

ROYAL INSURANCE COMPANY OF AMERICA, an Illinois Corporation;
ROYAL INDEMNITY COMPANY, a Delaware Corporation;
AMERICAN AND FOREIGN INSURANCE COMPANY, a Delaware Corporation

Appellants in No. 06-3825

v.

LATROBE CONSTRUCTION COMPANY,

Appellant in No. 06-3673

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cv-2128)
District Magistrate Judge: Honorable Francis X. Caiazza

_____

Argued June 4, 2008

Before:   FISHER, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed July 1, 2008)
_____

Rudy A. Fabian   [ARGUED]
Bruce C. Fox
Obermayer, Rebmann, Maxwell & Hippel
500 Grant Street - #5240
Pittsburgh, PA   15219
   *Counsel for Royal Insurance Company of America, Royal*
   *Indemnity Co., and American & Foreign Insurance Company*

Mark Gordon
Louis C. Long   [ARGUED]
Pietragallo, Gordon, Alfanso, Bosick & Raspanti
301 Grant Street - 38th Fl.
Pittsburgh, PA   15219
    *Counsel for Latrobe Construction Company*

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Latrobe Construction Company ("Latrobe") appeals a judgment rendered in favor of Royal Insurance Co. ("Royal") after a bench trial before a Magistrate Judge, contending that it was error to conclude that Royal had properly handled certain workers' compensation claims and error to hear and credit testimony from Royal's damages expert. Royal also appeals, arguing that it should have been granted pre-judgment interest as a matter of right. We will affirm the Magistrate Judge's decision in all respects.

I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

For more than two decades, Latrobe Construction Co. purchased retrospectively rated three-year workers' compensation insurance policies from Royal Insurance Co. These policies required Latrobe to make premium payments with the understanding that the total premium due would be subsequently adjusted to account for the losses actually sustained during the coverage period.

When the time came to settle up on these policies, the parties disagreed over the magnitude and direction of the adjustment. On the one hand, Royal argued that the losses sustained during the claims periods were greater than expected, and thus that it was owed money under the agreement. *Royal Ins. Co. of Am. v. Latrobe Constr. Co.*, No. Civ. A. 00-2128, 2006 WL 39148, *2 (W.D. Pa. Jan. 6, 2006). On the other hand, Latrobe believed that any unexpected losses were due to Royal's poor claims handling practices and that the losses would have been lower if Royal had handled the claims properly. *Id*. Accordingly, Latrobe argued that it was due a partial refund. *Id*.

As a consequence of the disagreement, Royal sued, Latrobe countersued, and the case was tried. As noted, Royal prevailed, except on its request for pre-judgment interest, and both parties appealed.[1]

## II.

Of the issues raised by the parties, the most significant is Latrobe's allegation that the Magistrate Judge erred in finding that Royal had properly handled seven workers' compensation claims. While Latrobe is correct in arguing that the stipulation entered into

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3), providing *inter alia* that "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." We review the Magistrate Judge's factual determinations for clear error, his determinations on properly preserved evidentiary rulings for an abuse of discretion, and his legal conclusions *de novo*. *E.g.*, *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006); *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005); *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000).

by the parties placed the burden on Royal to prove that it handled those claims properly, and while Latrobe is also correct in asserting that those claims were not addressed in great detail at the trial, it is nevertheless wrong in saying that Royal offered no evidence as to those claims. Royal's expert on claims handling, Peter Weber, testified for Royal as follows:

> I don't believe they mishandled the files. I thought they handled the files appropriately. I did not see any evidence of bad faith in the file handling on the files that I reviewed. As I indicated, I initially reviewed 22 files, and on one of the 22, there had been no criticism raised whatsoever, but I didn't know that until after I had looked at the whole file.

(Supp. App. 182.) As this was the only evidence offered with respect to the seven claims at issue, it amounts to uncontroverted evidence that Royal handled the claims properly. Therefore, Royal carried its burden of persuasion as to those claims.[2]

As to Royal's claim that it was entitled to prejudgment interest as a matter of right, we must reject that too, as there is no evidence that Latrobe "commit[ted] a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract." *Black Gold Coal Corp. v. Shawville Coal Co.*, 730 F.2d 941, 943 (3d Cir. 1984). On the contrary, as this hard-fought litigation demonstrates, what, if anything, one party owed to the other was not ascertainable until the resolution skillfully wrought by the Magistrate Judge.

---

[2] The balance of Latrobe's appeal merits no discussion because, contrary to its assertions, there was no error of any description in the Magistrate Judge's decision to hear and credit the testimony of Gerald Chimenti, Royal's damages expert.

4

## III.

Accordingly, for the reasons stated, we will affirm.